UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAUREN MUNCH<br><br>    Plaintiff,<br><br>v.<br><br>DIVERSIFIED CONSULTANTS, INC.<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:18-cv-01244<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** LAUREN MUNCH ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, DIVERSIFIED CONSULTANTS,, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6. Defendant is a Florida corporation located at 10550 Deerwood Park Boulevard, Jacksonville, Florida 32256 and its registered agent in Illinois is Incorp Services Inc. located at 901 2nd Street, Suite 201, Springfield, Illinois 62704. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

7. In or around September 2017, Plaintiff began receiving calls to her cellular phone ending in 2179 from Defendant.

8. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 2179. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

9. Prior to the contacts, Plaintiff had no relationship with or knowledge of Defendant.

10. Upon answering a phone call placed by Defendant, Plaintiff learned that Defendant was attempting to collect on a debt originally incurred through AT&T service. Plaintiff never incurred debt through AT&T.

2

11. Plaintiff *never* provided her cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.[1]

12. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling her regarding a debt she never incurred.

13. Notwithstanding the fact that Plaintiff never incurred the debt that Defendant was calling about, Defendant placed or caused to be placed no less than 5 calls to Plaintiff's cellular phone.

14. During the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

15. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

## DAMAGES

16. Defendant's harassing phone calls have disrupted Plaintiff's daily life and general well-being as Plaintiff could not determine the reason for Defendant's calls to her cellular phone.

17. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time and causing risk of injury by interrupting and distracting Plaintiff, the increased risk of personal injury due to disturbance and distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery

---

[1] Upon information and belief, Defendant obtained Plaintiff's cellular telephone number from a credit report in which it accessed through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

18. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

19. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel, thus incurring costs and expenses.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

22. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

23. Based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

24. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

25. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

26. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

27. As pled above, Defendant obtained Plaintiff's cellular number through "skip tracing," and thus never had any prior consent to place phone calls to Plaintiff's cellular phone.

28. Defendant violated the TCPA by placing no less than 5 harassing phone calls to Plaintiff's cellular phone using an ATDS without her prior express consent.

29. As pled above, Plaintiff was severely harmed by Defendant's unwanted and unsolicited calls to her cellular phone.

30. Upon information and belief, Defendant's corporate policy and procedures are structured as to continue to call individuals like Plaintiff, despite Plaintiff never having consented or permitted the calls, nor even having provided her cellular telephone number to Defendant.

31. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

32. Upon information and belief, Defendant knew its collection practice were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

33. Defendant, through its agents, representatives, affiliates and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

34. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing

violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff LAUREN MUNCH requests that this Honorable Court:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

37. Upon information and belief, the alleged debt that Defendant was attempting to collect arose primarily for family, personal or household purposes, and thus is an alleged "consumer debt" as defined by FDCPA §1692a(5).

38. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

39. Defendant's telephone communications to Plaintiff were made in connection with a collection of an alleged debt.

40. Defendant used telephones to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

41. Defendant violated 15 U.S.C. §§1692d, d(5), e(2), and f through its unlawful collection practices.

    **a. Violations of FDCPA §1692d**

42. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by calling Plaintiff's cellular phone seeking to collect an alleged debt Plaintiff has no knowledge of.

Moreover, Defendant continued placing the calls with knowledge that Plaintiff never incurred the AT&T debt.

43. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring in an attempt to engage Plaintiff in conversations regarding the collection of the alleged debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 5 harassing phone calls to Plaintiff's cellular phone fusing an ATDS without her prior consent.

### b. Violations of FDCPA §1692e

44. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Plaintiff has no knowledge of the alleged debt and was forced to verify with AT&T that she never incurred the debt Defendant was attempting to collect upon.

### c. Violation of FDCPA §1692f

45. Defendant violated §1692f in that Defendant used unfair and unconscionable means to collect the alleged debt by placing phone calls to Plaintiff's cellular phone attempting to dragoon Plaintiff into paying a debt that she does not owe and was never aware of.

46. Upon information and belief, Defendant systematically attempts to collect alleged debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

47. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff LAUREN MUNCH requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

48. Plaintiff restates and reallages paragraphs 1 through 19 as through fully set forth herein.

49. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

50. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

51. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

52. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

53. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to contact Plaintiff through means of an ATDS when it did not have permission or consent to do so.

   **a. Unfairness and Deception**

54. It was unfair and deceptive for Defendant to seek to collect an alleged debt from Plaintiff through harassing phone calls to her cellular phone attempting to induce her into making a payment on a debt she has no knowledge of.

55. It was unfair for Defendant to place or cause to be placed no less than 5 harassing phone calls to Plaintiff's cellular phone using an ATDS without her prior consent.

56. Defendant's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the harassing phone calls to her cellular phone.

57. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in a significant harm in the form of invasion of privacy and nuisance.

58. Upon information and belief, Defendant systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect alleged debts in default or assumed to be in default to increase its profitability at the consumers' expense.

59. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Defendant and is done on a large scale.

60. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully (companies who legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

61. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

62. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the unsolicited phone calls.

**WHEREFORE**, Plaintiff LAUREN MUNCH requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: February 19, 2018  **Respectfully Submitted,**

s/ Marwan R. Daher  
Marwan R. Daher, Esq.  
Counsel for Plaintiff  
Sulaiman Law Group, Ltd.  
2500 South Highland Avenue, Suite 200  
Lombard, Illinois 60148  
(630) 575-8181 x109 (phone)  
(630) 575-8188 (fax)  
mdaher@sulaimanlaw.com  

s/Omar T. Sulaiman  
Omar T. Sulaiman, Esq.  
Counsel for Plaintiff  
Sulaiman Law Group, Ltd.  
2500 South Highland Avenue, Suite 200  
Lombard, Illinois 60148  
(630) 575-8181 x108 (phone)  
(630) 575-8188 (fax)  
osulaiman@sulaimanlaw.com